```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

John R. Griffin, Jr.

    v.                                 Civil No. 17-cv-209-LM
                                        Opinion No. 2017 DNH 201

Joseph P. Nadeau and New Hampshire
Department of Corrections

**REPORT AND RECOMMENDATION**

Before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and LR 4.3(d)(1), is plaintiff John R. Griffin, Jr.'s complaint (Doc. No. 1) asserting claims against the New Hampshire Department of Corrections ("DOC") and Joseph P. Nadeau, a member of the New Hampshire Adult Parole Board ("APB").

**Preliminary Review Standard**

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A). In conducting its preliminary

review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Background**

In March 2016, Griffin was paroled to the community from a sentence he had been serving, imposed pursuant to an underlying state conviction. See Doc. No. 1, at 11. While on parole, in May 2016, Griffin mailed a letter ("May 2016 Letter"), addressed to a prosecutor at the Hillsborough County Attorney's Office. See Doc. No. 1, at 11. The May 2016 Letter was considered, by the recipient or her supervisor, to be threatening. See id.

While on parole, Griffin had lived at a residence called "Helping Hands," until he was evicted on May 10, 2016. See id. Griffin was arrested for parole violations on June 1, 2016. See id. On June 7, 2016, defendant Joseph P. Nadeau, a member of the New Hampshire Adult Parole Board ("APB"), issued a warrant for Griffin's arrest for those parole violations. See id.

Griffin appeared personally and through counsel at the June 21, 2016 parole revocation hearing. See Doc. No. 1, at 12. A three-member panel of the APB, including defendant Nadeau, revoked Griffin's parole upon finding that he had failed to be "of good behavior," N.H. Admin. R. Par 401.02(b)(7), and that he

had not obtained his parole officer's permission before changing his residence, id. at 401.20(b)(3). See Doc. No. 1, at 12.

## **Claims**

Griffin asserts the following claims in this action, under 42 U.S.C. § 1983:

> 1. Defendant Joseph Nadeau conspired to have Griffin prosecuted for a parole violation, in retaliation for Griffin's exercise of First Amendment rights.
>
> 2. Defendant Joseph Nadeau conspired with New Hampshire Parole Officer Jennifer Walters on June 7, 2016, to issue a warrant for Griffin's June 1, 2016 arrest for a parole violation, in violation of Griffin's Fourth Amendment rights.
>
> 3. Defendant Joseph Nadeau was a member of the APB that revoked Griffin's parole on June 21, 2016, in violation of Griffin's Fourteenth Amendment right to have an impartial decision-maker in a parole revocation proceeding.
>
> 4. Defendant Joseph Nadeau misapplied state law, in the proceedings that resulted in the revocation of Griffin's parole and his recommittal to the NHSP for a period of incarceration.
>
> 5. Defendant Joseph Nadeau's participation in the revocation of Griffin's parole and in the issuance of the arrest warrant violated Griffin's right to substantive due process under the Fourteenth Amendment.

Griffin seeks damages and injunctive relief, specifically, an order requiring the DOC to alter parole procedures to conform to the United States Constitution.

## **Discussion**

I. <u>Eleventh Amendment</u>

Griffin names a state agency, the DOC, as a defendant to

3

his claims for injunctive relief. "A state's immunity under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief." New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004). Griffin's claims against the DOC for damages and injunctive relief should be dismissed as barred by the Eleventh Amendment.

II. Absolute Immunity

Griffin is suing Joseph P. Nadeau for damages. Nadeau is the member of the APB who signed a warrant for Griffin's arrest on June 7, 2016, and who served as a member of the board that revoked Griffin's parole on June 21, 2016.

"[P]arole board members are shielded by absolute immunity in § 1983 actions seeking monetary damages for actions taken by the members in the performance of their official duties." Johnson v. R.I. Parole Bd. Members, 815 F.2d 5, 6 (1st Cir. 1987) (per curiam). "The [APB's] official duties include 'processing parole applications and deciding whether to grant, deny, or revoke parole.'" Staples v. NH State Prison, Warden, No. 16-cv-033-PB, 2017 DNH 046, 2017 WL 1288457, at *3, 2017 U.S. Dist. LEXIS 39615, at *9 (D.N.H. Mar. 17, 2017) (ECF No. 42) (citation omitted). APB members' official duties also include issuing warrants for the arrest of alleged parole violators. See N.H. Rev. Stat. Ann. ("RSA") § 504-A:4, II. APB

"members retain absolute immunity" while performing their duties, "even if a defendant is denied parole in retaliation for exercising First Amendment rights."  Staples, 2017 WL 1288457, at *3, 2017 U.S. Dist. LEXIS 39615, *10.

The facts alleged as to defendant Nadeau concern his issuance of a warrant for Griffin's arrest, his alleged bias and decision not to recuse himself, and statements, legal conclusions, and decisions he made in the context of serving as a member of the June 21, 2016 APB that revoked Griffin's parole. Those actions were taken within the scope of his official duties as an APB member, and are within the scope of conduct protected by absolute immunity from damages claims.  Cf. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (absolute judicial immunity applies to "any normal and routine judicial act" undertaken within scope of judge's jurisdiction, "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive"); Singleterry v. Munson, No. 12-cv-067-JL, 2012 WL 4981694, at *3, 2012 U.S. Dist. LEXIS 149266, *9 (D.N.H. Sept. 7, 2012) (ECF No. 10) ("Even if the court were to credit [as true] that conclusory accusation," of conspiracy between justice of the peace ["JP"] and police officer who prepared false warrant affidavit, JP, "when she signed the warrant, was . . . acting in her official capacity," and as such "she is protected from liability by

5

absolute judicial immunity from a suit brought under § 1983 for the act of signing the warrant"), R&R approved, No. 12-cv-067-JL, 2012 U.S. Dist. LEXIS 149265, 2012 WL 4982250 (D.N.H. Oct. 14, 2012) (ECF No. 13).

Griffin's assertions regarding Nadeau's conspiracy with other state agents, including a parole officer, are speculative and conclusory. Stripped of legal conclusions, the allegations in the complaint – that Nadeau issued a warrant for Griffin's arrest after that arrest occurred; that Nadeau had contacts with Griffin's parole officer; that Nadeau made decisions affecting the length of Griffin's recommittal to the NHSP; that Nadeau considered Griffin's views expressed in the May 2016 Letter to be repugnant, not civil, and as grounds for revoking his parole; and that Nadeau was a member of the APB who revoked Griffin's parole – all fail to state a claim for relief against Nadeau upon which relief can be granted. Accordingly, all of Griffin's claims against Nadeau should be dismissed.

III. Heck

Even if the court were to conclude that Griffin's claims are not barred by Eleventh Amendment immunity and absolute immunity, such claims would properly be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, courts must dismiss § 1983 claims if a favorable judgment would necessarily imply

6

the invalidity of that prisoner's conviction or sentence, unless it has been previously reversed, expunged, or otherwise declared invalid.  Id. at 487.  In a related case filed by Griffin, the court concluded that Heck required dismissal of Griffin's § 1983 claims if a favorable judgment would necessarily imply the invalidity of the decision to revoke his parole.  See Griffin v. Walters, No 16-cv-438-JL, 2017 WL 3836684, at *3, 2017 U.S. Dist. LEXIS 140827, at *6 (D.N.H. Aug. 11, 2017) (ECF No. 72), R&R approved, No 16-cv-438-JL, 2017 WL 3835681, 2017 U.S. Dist. LEXIS 140430 (D.N.H. Aug. 31, 2017) (ECF No. 78); see also White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997).

Plaintiff has alleged that his First Amendment activities led to the arrest and parole revocation proceedings.  Records of that arrest, filed here as Doc. No. 1, at 11, confirm that Parole Officer Jennifer Walters based a warrant application, relating to the June 1, 2016 arrest, in part, upon the May 2016 Letter.  Records of the APB's decision, filed here as an exhibit to the Complaint, Doc. No. 1, at 12-13, also demonstrate that the May 2016 Letter was the basis for the APB's finding that Griffin violated a condition of his parole.

This proceeding is not the proper place for Griffin to test the validity of his arrest and parole revocation, as the parole revocation decision has not been previously invalidated.  A favorable decision on Griffin's claims regarding the validity of

7

the arrest and prosecution of Griffin's parole violations, in light of the First, Fourth, and Fourteenth Amendments, would necessarily impugn the validity of the revocation of Griffin's parole. The Heck rule, applied in this case, requires dismissal of all of the claims Griffin has asserted here, whether for injunctive relief or damages. See Griffin, 2017 WL 3836684, at *3, 2017 U.S. Dist. LEXIS 140827, at *7-*8.[1]

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety. Any objections to this

---

[1] See also Garcia-Melendez v. Gonzalez, No. CV 14-1560 (SEC), 2017 WL 1067756, at *2, 2017 U.S. Dist. LEXIS 40632, at *6 (D.P.R. Mar. 21, 2017) (Heck bars false arrest claim, as favorable verdict would require jury to find agent lacked probable cause to detain her, which in turn would imply that detention was illegal and her conviction invalid); Cabot v. Lewis, No. CV 13-11903-FDS, 2017 WL 1013742, at *9-*10, 2017 U.S. Dist. LEXIS 37086, at *23-*24 (D. Mass. Mar. 15, 2017) (Heck bars plaintiff from challenging whether there was probable cause for arrest, as to do so, he would have to negate element of offense for which he received pretrial probation); Hutchins v. Maine State Hous., No. 1:14-CV-00491-JAW, 2015 WL 2250672, at *4, 2015 U.S. Dist. LEXIS 50428, at *11-*12 (D. Me. Apr. 16, 2015) ("civil claim alleging that revocation proceedings or the imposition of special conditions were the result of or were wrongly decided because of false testimony is . . . subject to the Heck bar" (citing cases)), R&R approved, No. 1:14-cv-00491-JAW, 2015 WL 2250672, at *1, 2015 U.S. Dist. LEXIS 62492 (D. Me. May 13, 2015); Neblett v. Concord Fed. Prob., No. 13-CV-515-NT, 2014 WL 808848, at *3-*4, 2014 U.S. Dist. LEXIS 26949, at *6-*13 (D.N.H. Jan. 8, 2014) (applying Heck to selective prosecution claim, which challenged, as discriminatory, probation violation charge that resulted in imposition of special condition requiring probationer to reside in halfway house), R&R approved, No. 13-CV-515-NT, 2014 WL 808848, at *1, 2014 U.S. Dist. LEXIS 25960 (D.N.H. Feb. 28, 2014).

8

Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 21, 2017

cc: John R. Griffin, Jr., pro se